# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VINCENT SMITH (K54856), | |
| Plaintiff, | Case No. 1:19-cv-06738 |
| v. | Judge John Robert Blakey |
| THOMAS DART, in his official capacity as Sheriff of Cook County, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This case is about the scope of a release contained in a settlement agreement. In February 2020, Plaintiff Vincent M. Smith ("Plaintiff") settled a lawsuit against Superintendent Hugh Walsh and Sheriff Thomas Dart (collectively, the "*Walsh* Defendants") that stemmed from unsanitary conditions at the Cook County Jail. The settlement agreement (the "Agreement") contains a provision releasing the *Walsh* Defendants and others from suit brought by or on behalf of Plaintiff relating to his confinement in the Cook County Jail. Several months before Plaintiff and the *Walsh* Defendants executed the Agreement, Plaintiff filed this case against Thomas Dart, Barbara Davis, and Cook County (collectively, "Defendants") for injuries he allegedly suffered while housed at the Cook County Jail. Defendants now move for judgment on the pleadings pursuant to Rule 12(c) on the grounds that the Agreement bars the present suit. For the following reasons, the Court disagrees and denies Defendants' motion, [45].

I.  **Factual Background**

In April 2019, Plaintiff sued the *Walsh* Defendants in their official capacities for unconstitutional conditions of confinement under 42 U.S.C. § 1983. *See Smith v. Walsh et al.*, No. 1:19-cv-02403 (N.D. Ill. Apr. 9, 2019) (the "*Walsh* Litigation"). Less than one year later, on February 3, 2020, Plaintiff and the *Walsh* Defendants executed a settlement agreement. The Agreement provides that Plaintiff is entitled to compensation in exchange for releasing:

> Defendants and their agents, employees and former employees, either in official or individual capacities, from any and all actions, suits, debts, sums of money, accounts and all claims and demands of whatever nature, in law or in equity . . . including but not limited to any and all claims for Constitutional violations, federal or state law claims, injunctive relief claims, and/or any taken, damaged, disposed of, or destroyed property claims, as well as any other such claims against Cook County, the Cook County Sheriff, or any of his current or former employees or agents thereof, that may have been brought—but are not now pending—in connection with any incidents that occurred while Plaintiff was housed in the Cook County Jail at any point prior to the execution date of this Agreement by all of the parties. **This is a general release**!

[43-1] at 2, ¶ 11. Plaintiff and counsel for the *Walsh* Defendants executed the Agreement. *Id.* at 4, ¶ 19.

Several months before the Agreement ended the *Walsh* litigation, Plaintiff filed a separate lawsuit—the present action—against Defendants. *See* [1]. Plaintiff seeks to recover for injuries that he allegedly incurred while imprisoned at the Cook County Jail. *Id.* In substance, he alleges that Defendants: (1) failed to accommodate his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12132; (2) ignored his physical accessibility needs in violation of the Rehabilitation Act,

2

29 U.S.C. § 794(a); and (3) impinged upon his civil rights in violation of 42 U.S.C. § 1983. *Id.*

In answering Plaintiff's complaint, Defendants raise numerous affirmative defenses, including "that Plaintiff has voluntarily released Defendant[s] of any liability for the claims underlying Plaintiff's Complaint" by way of the Agreement. [43] at 18, ¶ 1; [44] at 13, ¶ 1. Shortly thereafter, Defendants filed this joint motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). [45]. Defendants contend that the general release contained in the Agreement plainly encompasses the claims at issue in the present suit. *See id.*

## II. Legal Standard

The "correct vehicle for determining an affirmative defense on the pleadings is an answer and a motion for judgment on the pleadings under Rule 12(c)." *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 632 (7th Cir. 2020). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). Under that standard, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In making a Rule 12(c) determination, the Court considers "the pleadings alone, which consist of the complaint, the answer, and any written instruments

attached as exhibits." *Hous. Auth. Risk Retention Grp., Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citations omitted); *see also Curry v. Pfister*, No. 17 C 2052, 2019 WL 3801722, at *5 (N.D. Ill. Aug. 12, 2019) (courts may take judicial notice of settlement agreements and releases). The court accepts as true factual allegations, but "allegations in the form of legal conclusions are insufficient" to survive a motion to dismiss. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). Where the defendant "brings the Rule 12(c) motion, the court will grant it 'if it appears beyond all doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Hous. Auth.*, 378 F.3d at 600 (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

**III. Analysis**

The parties disagree about the scope of the release contained in the Agreement. A settlement agreement is "considered a contract, and construction and enforcement of settlement agreements are governed by principles of contract law." *Cannon v. Burge*, 752 F.3d 1079, 1088 (7th Cir. 2014) (discussing *Cushing v. Greyhound Lines, Inc.*, 991 N.E.2d 28, 29 (Ill. App. Ct. 2013)). Accordingly, "[a] court's job in construing a negotiated release under Illinois law is to determine what the parties intended." *Engineered Abrasives, Inc. v. Am. Mach. Prod. & Serv., Inc.*, 882 F.3d 650, 653 (7th Cir. 2018) (citations omitted). In construing the parties' intent, Illinois courts give clear and unambiguous contract terms their plain

4

and ordinary meaning in the context of the contract as a whole. *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 951 (7th Cir. 2020).

In support of their motion, Defendants argue that the release "expressly released Defendants and their agents from all claims Plaintiff had or might have had at the time Plaintiff executed the *Walsh* Agreement." [45] at 3. Defendants point to the broad language of the release; the release discharges "any and all claims" against Defendants "that may have been brought . . . in connection with any incidents that occurred while Plaintiff was housed in the Cook County Jail at any point prior to the execution date of this Agreement." *See* [43-1] at 2, ¶ 11. According to Defendants, because this lawsuit "complains of conduct that occurred in July and August of 2019," and the parties executed the Agreement on February 3, 2020, "Plaintiff knowingly released the claims in this lawsuit." [45] at 3–4.

Defendants' argument is belied by the plain language of the Agreement. The unabridged portion of the release provides that Plaintiff discharges "any and all actions . . . including but not limited to . . . claims against Cook County, the Cook County Sheriff, or any of his current or former employees or agents thereof, that may have been brought—***but are not now pending***—in connection with any incidents that occurred while Plaintiff was housed in the Cook County Jail at any point prior to the execution date of this Agreement." [43-1] at 2, ¶ 11 (emphasis added). The language "but are not now pending" forges an express carveout from the general release for litigation already pending as of the settlement date. While Defendants correctly note that this case concerns conduct that occurred at the Cook County Jail

5

well *before* the parties executed the Agreement, the parties signed the Agreement months *after* Plaintiff filed his initial complaint in this case on October 11, 2019. *See* [1]. In other words, when the *Walsh* Defendants entered into the Agreement with Plaintiff, this case was "now pending" and should properly be considered exempt from the terms of the general release.

Defendants rejoin that such a reading runs afoul of the prefatory phrase "including but not limited to." [50] at 2. Under Illinois law, "'including but not limited to' signals a broad release." *Darvosh v. Lewis*, 66 F. Supp. 3d 1130, 1135 (N.D. Ill. 2014) (collecting cases). As such, the clause serves "merely to preface illustrative examples of the general classification, and not to limit its meaning." *Zebulon Enters., Inc. v. DuPage Cnty.*, 496 N.E.2d 1256, 1259 (Ill. App. Ct. 1986). Defendants argue that because the examples are merely illustrative and not exhaustive, the limited carveout "but are not now pending" does not affect the overarching scope of the release. Defendants also add that "[e]xcluding this case from the general release because of the 'not now pending' language would render the phrase 'including but not limited to' superfluous" and courts "should avoid contract interpretations that would render part of the contract superfluous." [50] at 2 (citing *Land of Lincoln Goodwill Indus. v. P.N.C. Fin. Serv. Grp.*, 762 F.3d 673, 679 (7th Cir. 2014)).

Again, the Court disagrees. In *Norwood v. Devine*, an inmate in the custody of the Kane County Sheriff sued two correctional officers at the Cook County Jail. No. 19 CV 2899, 2021 WL 679229, at *1 (N.D. Ill. Feb. 22, 2021). The detainee argued that the two officers violated his constitutional rights by failing to protect him from

6

an attack by a fellow inmate. *Id.* In response, one of the defendants raised as an affirmative defense that a settlement agreement executed in an earlier case barred plaintiff's suit. *Id*. at *2. Much like the release at issue here, the release in *Norwood* incorporated the language "including but not limited to," and thus the court understood the release to be "a general release." *Id*. at *3. Unlike the release at issue here, however, the release in *Norwood* contained an express carveout that excluded—by name—a third, then-pending case. *See id.* at *3. Contrary to Defendant's arguments, the *Norwood* Court understood the express carveout to limit the scope of the release, but only for the single case that fell within its privileged bounds. *Id*. In other words, the *Norwood* Court declined to stretch the provision to anything more than the single case listed by name. *Id*. Because the case before the court could not benefit from the carveout, the court found the suit barred under the general release. *Id*. at *3.

As discussed above, this case falls within the express carveout; the relevant clause exempts any action pending as of February 3, 2020, and Plaintiff brought the initial complaint in this action on October 11, 2019. *See* [43-1] at 2–3, ¶ 11; [1]. As was also true in *Norwood*, the release is a "general release" that nevertheless makes room for explicit carveouts. By the same token, inclusion of an explicit carveout ("but are not now pending") in a general release ("including but not limited to") does not, in every case, brush up against surplusages. In this case, the general release outlines a broad swath of cases from which the "but are not now pending" language exempts a small category of cases—indeed, potentially only one.

7

In reading the terms of the release as a whole and within the context of the entire Agreement (as this Court must), the Court finds that the plain language of the release does not discharge Plaintiff's claims against Defendants in this matter.

**IV.    Conclusion**

For the foregoing reasons, the Court denies Defendants' Rule 12(c) motion, [45].

Dated: March 18, 2022               Entered:

_____
John Robert Blakey
United States District Judge

8